**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DONOVAN R. DUGAS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-833-JJB-DLD** |
| **THE DOW CHEMICAL COMPANY AND WILLIAM W. MYERS** | |

## MAGISTRATE JUDGE'S REPORT

This wrongful termination matter is before the court on plaintiff Donovan R. Dugas' motion to remand (rec. doc. 5). Defendants removed this matter based on diversity jurisdiction alleging that non-diverse defendant William W. Myers was improperly joined to destroy diversity jurisdiction. See 28 U.S.C. §1332. The motion to remand is opposed and has been referred to the undersigned for a report and recommendation (rec. doc. 7).

**Factual Background**

Plaintiff is a former employee of The Dow Chemical Company (Dow), who was terminated in connection with an investigation into allegations that he viewed pornographic materials on a workplace computer while working at Dow (rec. docs. 1-1, 7-1).[1] According to plaintiff, he was informed by Dow's human resource department that he was being terminated for "poor performance."[2] Id.

---

[1] It is unclear whether Dow's investigation revealed that plaintiff actually viewed pornographic material while at work.

[2] Plaintiff alleges in his petition that Dow's human resource department told him that he was being terminated for "poor performance," but the unemployment forms that were completed and filed with Louisiana Workforce Commission indicate that he was terminated due to his alleged inability to perform his job, despite the fact that he had previously received good reviews and a promotion (rec. doc. 1-1).

Plaintiff represents that at the time he was terminated, Dow had an employee manual in place that specifically addressed "poor performance" and outlined procedures that should be followed to allow the poor performing employee an opportunity to improve his job performance and, in turn, preserve his employment. Id. Plaintiff suggests that the policies and procedures in the employee manual modify his at-will employment relationship with Dow by creating a contract of employment. Plaintiff alleges that he was wrongfully terminated because Dow and Myers, plaintiff's supervisor, failed to follow the procedures in the employee manual for dealing with his alleged "poor performance" prior to terminating him.

On November 17, 2010, plaintiff brought a suit against Dow and Myers in the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana, for damages arising out of his wrongful termination (rec. doc. 1-1).[3] Plaintiff challenges his termination by Dow and Myers through claims of breach of contract, negligent misrepresentation, detrimental reliance, abuse of rights and retaliation.[4]

Defendants removed this matter based on diversity jurisdiction arguing that non-diverse Myers was improperly joined to destroy diversity (rec. doc. 1). Plaintiff filed a motion to remand, which is now before the court for a report and recommendation (rec. doc. 5).

---

[3] Plaintiff seeks damages for "damage to his reputation" and past, present, and future loss of enjoyment of life; severe mental pain, anguish, and distress; loss of wages; and loss of benefits (rec. doc. 1-1).

[4] It is difficult to determine from the petition whether all of the claims alleged are asserted against Myers, individually, but it is clear that the claims for abuse of rights and retaliation are asserted against Myers, individually.

**Arguments of the Parties**

Plaintiff argues that defendants have not met their burden of establishing diversity jurisdiction because they cannot prove that non-diverse Myers was improperly joined to destroy diversity (rec. doc. 5-1). Plaintiff contends that Myers intentionally refused to follow the procedures outlined in the manual for dealing with plaintiff's alleged "poor performance" prior to terminating plaintiff, which supports causes of action against Myers, individually, for negligent misrepresentation, abuse of rights, breach of contract, retaliation, and detrimental reliance.

Defendants respond by advancing several arguments in support of their position that Myers cannot be held individually liable; therefore, Myers was improperly joined to destroy diversity (rec. doc. 7). Defendants argue that plaintiff's termination is not actionable because he is an at-will employee, and plaintiff failed to offer summary judgment-like evidence to suggest that the employee manual creates a contract of employment. Further, even if the policies and procedures in the employee manual create a contract of employment, defendants argue that Myers cannot be held individually liable under *Canter v. Koehring* because liability under *Canter v. Koehring* applies to bodily injury damages only and does not extend liability for economic and mental anguish damages and because Myers was acting in his managerial capacity and did not owe a personal duty to plaintiff. Finally, defendants argue that based on the facts of this matter, Myers cannot be held individually liable for any of the theories of liability asserted by plaintiff.

**Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking removal has the burden of proving either diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003), *citing Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008). The party seeking to establish diversity jurisdiction must prove the existence of diversity of citizenship and amount in controversy. Based on the allegations in plaintiff's petition, the amount in controversy is not an issue in this matter.

Myers is a non-diverse defendant; therefore, his presence in this suit destroys diversity jurisdiction. Defendants argue, however, that non-diverse defendant Myers was improperly joined and that his citizenship should be disregarded for purposes of determining diversity of citizenship.[5] The removing defendant bears the burden of demonstrating improper joinder. E.g., *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303,

---

[5] Plaintiff is a citizen of Louisiana; defendant The Dow Chemical company is a Delaware corporation with its principal place of business in Michigan; and defendant William Myers is a citizen of Louisiana (rec. docs. 1-1 and 1).

308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).

Fraud in the pleadings is not an issue in this case. Rather, defendants seek to prove improper joinder by proving that plaintiff has no reasonable possibility of recovery against non-diverse Myers. Thus, the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Guillory*, 434 F.3d at 308.

When determining whether a party was improperly joined, the court may look to the facts established by summary judgment evidence as well as controlling state law. *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382 (5th Cir. 2000); *Carriere,* 893 F.2d at 100. The court resolves all contested issues of substantive fact and all ambiguities in the controlling state law in favor of plaintiff. *Guillory*, 434 F.3d 308-309. However, the court is not bound to accept the petition's allegations in the face of countervailing evidence. To the contrary, even if the petition facially states a claim against an in-state defendant, the court may pierce the pleadings to examine affidavits and other summary judgment-type evidence. *Walker v. Philip Morris, Inc.*, 2003 WL 21914056 (E.D. La. 2003), citing *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382 (5th Cir. 2000).

First, the court will address defendants' argument that plaintiff is an at-will employee. Plaintiff has not alleged that he was terminated in violation of a statutory or constitutional provision (i.e, due to race, sex, religion, age); therefore, if plaintiff is an at-will employee, he

can be terminated for any reason, which would preclude his individual causes of action against Dow and Myers. Next, the court will examine the issues surrounding whether Myers can be held individually liable for any of the specific causes of action alleged under *Canter v. Koehring,* as individual liability only becomes an issue *if* plaintiff's termination is actionable.

**At-will or Contractual Employee**

Pursuant to Louisiana law, the employee-employer relationship is a contractual relationship that can be terminable at-will or for a limited duration. <u>See</u> *Quebedeaux v. Dow Chemical Co.*, 820 So.2d 542 (La. 2002), citing La. Civ. Code art. 2747. An "at-will" employee is subject to termination at any time for any reason as long as there is no statutory or constitutional bar to termination. Id. Defendants offer a copy of the Dow Chemical Company Employee Agreement, which plaintiff signed when he began working for Dow in 2001, to show that plaintiff was an "at-will" employee and, therefore, subject to termination at any time for any reason (rec. doc. 7-1, Exhibit 1-A).[6] Plaintiff alleges in the petition, however, that the policies and procedures in a separate employee manual address the handling of "poor performing" employees and create a contract of employment with Dow, and although plaintiff did not offer as an exhibit the specific policies and procedures on

---

[6] The Dow Chemical Company Employee Agreement provides in pertinent part as follows:
Article 8 - Employment at Will
I have the right to terminate my employment with Dow at will at any time without notice or for any reason. Dow has the same right to terminate my employment at will. Only an officer of Dow can enter into an employment contract with me which differs in any respect from the terms set forth herein and only if in writing and signed by such officer. Nothing contained in this Agreement is intended to create a contract of employment for any specified period of time.

(rec. doc. 7-1, Exhibit 1-A).

which he relied, Dow acknowledges that it has "certain policies and procedures for dealing with employee misconduct" (rec. doc. 7-1). Thus, there are materials outside of the Dow agreement dealing with employees, as plaintiff alleges, and the question becomes whether or not it matters.

Although the case law indicates that Louisiana courts are reluctant to find that employee manuals create contractual rights, the Fifth Circuit has noted that the courts have not adopted a *per se* rule against employee manuals creating contractual rights. *Wallace v. Shreve Memorial Library*, 79 F.3d 427 (5th Cir. 1996); See also *Hartz v. Administrators of the Tulane Educational Fund*, 275 Fed. Appx. 281, 289 (5th Cir. 2008); *Oyefodun v. Dillard University,* 2003 WL 21634305 (E.D. La. 2003). Rather, the courts analyze the manuals or handbook on a case by case basis. Id; see e.g. *Stanton v. Tulane University of Louisiana,* 777 So.2d 1242 (La. App. 4th Cir. 2001)*; Mix v. University of New Orleans,* 609 So.2d 958 (La. App. 4th Cir. 1992) (and cases cited therein)*; Marson v. Northwestern State University,* 607 So.2d 1093 (La. App. 3rd Cir. 1992*); Thebner v. Xerox Corp.,* 480 So.2d 454 (La. App.3rd Cir. 1986)*; Leger v. Tyson Foods, Inc.*, 670 So.2d 397 (La. App. 3 Cir. 1996) (Louisiana courts holding that an employee manual or handbook does not confer contractual rights upon an employee or create exceptions to the employment at-will doctrine after analyzing the particular employee manual or handbook at issue).

Based on the cited case law, the court declines to adopt a *per se* rule that an employee manual or handbook can never confer contractual rights upon an employee. Thus, the fact that there is an employee agreement is not sufficient, standing alone, to find that plaintiff is an at-will employee. Whether plaintiff is an at-will employee remains in

dispute and, therefore, the court must consider whether plaintiff has alleged a viable cause of action for individual liability against Myers in order to determine whether Myers was improperly joined.

**Individual Liability under *Canter v. Koehring***

Plaintiff seeks to hold defendant Myers individually liable based on several causes of action, including breach of contract, negligent misrepresentation, detrimental reliance, abuse of rights, and retaliation. The Fifth Circuit, in *Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994), embraced the guidelines as set forth by the Louisiana Supreme Court in *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973), in determining whether personal liability may be imposed on an employee:

1. The employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought;
2. This duty is delegated by the employer to the employee;
3. The employee has breached this duty through personal fault (as contrasted with technical or vicarious fault); and
4. With regard to personal fault, personal liability cannot be imposed upon an employee simply because of this general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate, he is not personally at fault and liable for the performance of this responsibility, unless he personally knows or personally should know of its non- performance or mal-performance and has nevertheless failed to cure the risk of harm.

The burden is on the defendants to show that there is no reasonable possibility of recovery against non-diverse defendant Myers.

Defendants suggest that personal liability imposed under *Canter v. Koehring* only applies to bodily injury damages, and not to economic and mental anguish damages as

-8-

alleged by plaintiff. See *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510 (5th Cir. 2009), relying on *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214 (5th Cir. 1986), *Fine Ironworks v. Louisiana World Exposition*, 472 So.2d 201 (La. App. 4th Cir. 1985). In reaching its holding that a employee cannot be held personally liable under *Canter* for economic damages, the Fifth Circuit in *Kling*, supra., relies on a line of cases that found that corporate officers and employees cannot be held personally responsible for the debts of their corporate employer under *Canter*. See *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214 (5th Cir. 1986), *Fine Ironworks v. Louisiana World Exposition*, 472 So.2d 201 (La. App. 4th Cir. 1985). Neither *Kling* nor any of the cases relied on by *Kling* involve an employment dispute or allegations that an employee/supervisory is personally at fault for plaintiff's wrongful termination.[7] Further, plaintiff in this case does not seek to hold defendant Myers responsible for a debt owed by Dow. Rather, plaintiff seeks to hold defendant Myers personally liable as a result of his actions that are outside of his administrative responsibilities as an employee of Dow. Thus, the court does not find that the holding in *Kling* is applicable to the instant case.

---

[7] Defendants fail to cite to a case applying the court's holding in *Kling* in an employment context to preclude a finding of personal liability of an employee based on the employee's personal fault as a result of actions taken outside of his administrative duties. In fact, at least two of the cases relied on by defendants are cases where plaintiffs asserted claims based on wrongful termination and sought economic damages. See *Mitchell v. Tracer Construction Co.*, 236 F.Supp.2d 520 (M.D. La. 2003); *Hornsby v. Enterprise Transportation Company*, 987 F.SUpp. 512 (M.D. La. 1997). In considering whether the non-diverse employees were improperly joined, the courts applied the facts of the case to the elements of each cause of action alleged against the non-diverse defendant in order to determine whether plaintiff could reasonably prove the cause of action, rather than simply holding that personal liability against the non-diverse defendant employee is precluded because *Canter* liability cannot be extended to economic damages. Id. The analyses in these cases implies that there is an unresolved issue as to when the rule limiting *Canter* liability to economic damages is applicable. Finally, the court in *Anderson & Broussard, L.L.P. v. Bellsouth Corp.*, 2005 WL 2406156 (W.D. La. 2005), recognized that the Louisiana Supreme Court had not adopted the distinction that *Canter* liability is applicable only to plaintiffs who suffer bodily injury as opposed to economic injury and suggested that the cases cited by defendants in support of this distinction contain very broad language that is inapplicable to the facts alleging personal fault of the employee.

Next, defendants suggest that non-diverse Myers did not owe a personal duty to plaintiff and, therefore, cannot be held liable under *Canter*. Plaintiff alleges that Myers had a duty to follow the policies and procedures in the employee manual to improve his "poor performance" prior to terminating plaintiff and that Myers' failure to follow the policies and procedures was an abuse of rights[8] and in retaliation against plaintiff for previously confronting Myers about his failure to follow Dow's policies and procedures in several situations (rec. doc. 1-1, ¶¶ 8-9). If proven, Myers' intentional refusal to follow Dow's policies and procedures applicable to plaintiff, whether due to abuse of rights or retaliatory motive, would constitute an act outside of Myers' managerial capacity and could expose him to individual liability. Thus, based on the claims asserted against Myers, the court cannot say that there is no reasonable possibility of recovery against Myers under *Canter v. Koehring*.

Defendants suggest that based on the facts of this matter, plaintiff cannot prevail on his claims against Myers, individually. With respect to plaintiff's claim for abuse of rights, defendants argue that courts have consistently refused to apply the abuse of rights doctrine to employment termination cases. All of the cases relied on by defendants, however, involve an at-will employment relationship. See *Gallien v. Gott*, 2008 WL 821643 (W.D. La. 2008), citing *Mixon v. Iberia Surgical, LLC*, 956 So.2d 76 (La. App. 3 Cir. 1987); *Ballaron v. Equitable Shipyards, Inc.*, 521 So.2d 481 (La. App. 4 Cir. 1988); *Walther v. National Tea*

---

[8] The abuse of rights doctrine is applicable when the following conditions are met: (1) the exercise of a rights exclusively for the purpose of harming another or with the predominant motive to cause harm; (2) the non-existence of a serious and legitimate interest that is worthy of judicial protection; (3) the use of the right in violation of moral rules, good faith, or elementary fairness; or (4) the exercise of the right for a purpose other than for which it was granted. *Coleman v. School Bd. of Richland Parish*, 418 F.3d 511 (5th Cir. 2005).

*Company*, 848 F.2d 518 (5th Cir. 1988). Defendants' arguments depend on a finding that plaintiff is an at-will employee, which is still at issue in this matter as plaintiff has alleged an employment contract. Defendants have failed to cite, and the court has been unable to locate, case law that precludes a claim for abuse of rights in a contractual employment arrangement. Thus, the court cannot find that there is no reasonable possibility of recovery by the plaintiff against defendant Myers for abuse of rights. Defendants' failure to prove that there is no reasonable possibility of recovery against Myers, individually, for abuse of rights makes it unnecessary to address the other claims alleged by plaintiff.

Considering all of defendants' arguments in support of improper joinder, the court finds that defendants have failed to prove that defendant Myers was improperly joined and that his non-diverse citizenship should be disregarded for purposed of diversity jurisdiction. Accordingly,

**IT IS RECOMMENDED** that plaintiff's motion to remand (rec. doc. 5) should be **GRANTED**, and this matter be **REMANDED** to the **18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana.**

Signed in Baton Rouge, Louisiana, on October 24, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DONOVAN R. DUGAS | CIVIL ACTION |
| VERSUS | |
| | NUMBER 10-833-JJB-DLD |
| THE DOW CHEMICAL COMPANY AND WILLIAM W. MYERS | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 24, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**